FILED

MAY 27 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. NV-14-1482-JuKuPa |
| ) | |
| DEBORAH LYNN PARTIDA, ) | Bk. No. 2:13-bk-11710-LED |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| DEBORAH LYNN PARTIDA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| UNITED STATES, DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on May 14, 2015
at Sacramento, California

Filed - May 27, 2015

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel Elizabeth Davis, Bankruptcy Judge, Presiding

_____

Appearances:    Christopher P. Burke argued for appellant Deborah
                L. Partida; Roger W. Wenthe argued for appellee
                United States.

_____

Before:  JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

JURY, Bankruptcy Judge:

This appeal arises from the bankruptcy court's order denying the chapter 13[1] debtor's motion for contempt for violation of the automatic stay. We conclude as a matter of law that the enforcement provision of the Mandatory Victims Restitution Act overrides the operation of the automatic stay under § 362(a) and in so doing, authorizes the enforcement of criminal restitution obligations against debtor and property of the bankruptcy estate. We AFFIRM.

## I. FACTS

No facts are in dispute. Before filing bankruptcy, Deborah L. Partida (Debtor) was convicted of embezzlement and theft of labor union assets. A criminal judgment was entered, sentencing Debtor to serve eighteen (18) months in federal prison and to pay criminal restitution penalties in the amount of $193,337.33. As of March 5, 2013, when Debtor filed this chapter 13 case, Debtor satisfied her term of incarceration but had not paid her restitution obligation. Debtor listed the restitution obligation in her schedules and the United States Department of Justice (the Government) received notice of the bankruptcy filing. Debtor's chapter 13 plan was confirmed on March 6, 2014.

After Debtor received a notice of intent to offset and an

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

"Overdue Debtor Statement," the Government garnished $272.47 from Debtor's pension and $467.85 from her retirement benefits on March 1, 2014. Debtor then filed a motion for contempt for violation of the automatic stay against the Government in bankruptcy court. On July 29, 2014, the bankruptcy court heard oral arguments on the matter. On September 8, 2014, in an oral ruling, the bankruptcy court denied the motion for contempt on the ground that the Government's actions were excepted from the automatic stay under § 362(b)(1). The order denying Debtor's motion was entered on September 22, 2014, and Debtor filed a timely notice of appeal.

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

1. Whether the enforcement provision of the Mandatory Victims Restitution Act overrides the operation of § 362(a) as to the enforcement of criminal restitution orders; and
2. Whether the post-conviction enforcement of criminal restitution orders is excepted from the automatic stay under § 362(b)(1).

## IV.  STANDARD OF REVIEW

Questions of statutory interpretation are reviewed *de novo*. United States v. Youssef, 547 F.3d 1090, 1093 (9th Cir. 2008).

We may affirm on any ground supported by the record. Siriani v. Nw. Nat'l Ins. Co. (In re Siriani), 967 F.2d 302, 304 (9th Cir. 1992).

-3-

## V.  DISCUSSION

**A.  Notwithstanding the automatic stay under § 362(a), the Mandatory Victims Restitution Act authorizes the enforcement of criminal restitution orders against Debtor and property of the bankruptcy estate.**

Although the bankruptcy court based its decision on the exception to the automatic stay provided by § 362(b)(1), the significant threshold issue is whether the operation of the automatic stay under § 362(a) is superseded by the subsequent enactment of the Mandatory Victims Restitution Act (the MVRA) as to the enforcement of restitution orders against Debtor and property of the bankruptcy estate.

Section 362(a) details the various stays triggered upon a bankruptcy filing.  Subsection (2) provides that entities are stayed from the enforcement of a prepetition judgment "against the debtor or against property of the estate," while subsection (3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  These two subsections of § 362(a) were enacted as part of the Bankruptcy Act of 1978.

In direct conflict, the 1996 enactment of the MVRA provides in relevant part that "[n]otwithstanding any other Federal law (including section 207 of the Social Security Act)" the United States may enforce a judgment imposing criminal fines "against all property or rights to property of the person fined."  18 U.S.C. § 3613(a), made applicable to criminal restitution awards by 18 U.S.C. §§ 3664(m)(1)(A) and 3613(f).  Debtor argued to the bankruptcy court and reiterates here that the automatic stay

-4-

provided in § 362(a) trumps the MVRA. We disagree.

To answer whether Congress intended the MVRA to override the effect of § 362(a), our analysis must start with the plain language of the statute. Children's Hosp. & Health Ctr. v. Belshe, 188 F.3d 1090, 1096 (9th Cir. 1999). The Ninth Circuit held that inclusion of the "all property or rights to property" phrase in the enforcement provision of the MVRA clearly articulates Congress' intent to make all of a defendant's assets available to restitution orders. United States v. Novak, 476 F.3d 1041, 1046 (9th Cir. 2007) (en banc).

In Novak, the broad reach of the MVRA conflicted with the preceding anti-alienation provision of ERISA. Id. In order to square the two statutes, the Ninth Circuit found the MVRA statutory language provided "guidance on how to resolve [the statutory conflict], by specifying that all property is covered '[n]otwithstanding any other Federal law.'" Id. (citing 18 U.S.C. § 3613(a)). The use of a "notwithstanding" clause connotes an intention to supersede preceding conflicting statutory provisions. Id. (citing Cisneros v. Alpine Ridge Grp., 508 U.S. 10, 18 (1993). However, the full reach of the "notwithstanding" language is determined "by taking into account the whole of the statutory context in which it appears." Id.; Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1168 (9th Cir. 2007).

In finding that the structure of the MVRA expressed a general intention to override federal anti-alienation provisions, the Ninth Circuit noted that the MVRA enforcement provision's specific inclusion of § 207 of the Social Security

Act served to give full effect to the "notwithstanding clause." Novak, 476 F.3d at 1047. Section 207 of the Social Security Act protects Social Security benefits from debt collection actions and "the operation of any bankruptcy or insolvency law"; no other provision may be construed to "limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." 42 U.S.C. § 407. Cognizant of this, Congress clearly intended the reach of the "notwithstanding" clause of the MVRA enforcement provision to include any conflicting statutory provisions, even making express reference where explicitly required. Novak, 476 F.3d at 1047. It follows that there was no need to specify other statutes because the sweeping breadth of "all property or rights to property of the person fined" taken together with the wide reach of "[n]otwithstanding any other Federal law" was an unambiguous statement that the MVRA enforcement provision overrides all conflicting federal statutes. Id. at 1047-48.

By allowing restitution obligations to be enforced against Social Security benefits, Congress prioritizes the enforcement of restitution orders by making available moneys traditionally protected from creditors in bankruptcy. The rationale then follows that the MVRA authorizes the Government to reach Debtor's sources of income regardless of her bankruptcy and the automatic stay.

Debtor makes two arguments in support of § 362(a) trumping the MVRA: first, in not adding the MVRA as an exception under § 362(b) as part of the 2005 BAPCPA amendments, Congress

implicitly expressed an intent that the MVRA would not override the operation of the automatic stay; and second, the 2005 BAPCPA amendments to certain subsections of § 362 reenacted all of § 362(a) such that § 362(a) should be characterized as being enacted after the MVRA. These arguments are not compelling. First, the broad sweeping language of the MVRA enforcement provision already accomplished an effective override of § 362(a). As such the addition of the MVRA as an exception to the stay under § 362(b) would be superfluous. Second, the concept that an amendment to one part of a broad, multi-faceted statute would make the entire statute deemed enacted on the amendment date is supported by neither case law nor statutory interpretation. The relevant parts of § 362(a), subsections (2) and (3), were not amended. The MVRA was clearly adopted after them and its enforcement provision was intended to override "any other Federal law." 18 U.S.C. § 3613(a).

Accordingly, by garnishing Debtor's retirement and pension the Government did not violate the automatic stay. Moreover, because the MVRA enforcement provision precludes the application of § 362(a) in this case, we need not decide whether § 362(b)(1) provides an exception to the stay in this case.

**VI. CONCLUSION**

For this reason, we AFFIRM the bankruptcy court's denial of the motion for contempt.