**IN RE: Ricki K. BREMER, Debtor.**

**Case No. DG 16–06279**

United States Bankruptcy Court,
W.D. Michigan.

January 26, 2017

Maureen B. Van Hoven, Van Hoven & Associates, Jenison, MI, for Debtor.

## MEMORANDUM OF DECISION & ORDER

PRESENT: HONORABLE SCOTT W. DALES, Chief United States Bankruptcy Judge

After discovering that Ricki K. Bremer (the "Debtor") had filed a chapter 13 bankruptcy petition while her current chapter 7 case remains pending,[1] the court issued an Order to Show Cause dated December 22, 2016 (the "Show Cause Order," ECF No. 8), directing the Debtor to explain why the court should not dismiss the Chapter 13 Case as prohibited *per se* or as a bad faith filing. The Debtor and the chapter 13 trustee Brett N. Rodgers (the "Chapter 13 Trustee") both appeared through counsel at the January 18, 2017 show cause hearing in Grand Rapids, Michigan. The Chapter 13 Trustee supports dismissal and a *per se* ban on concurrent bankruptcy proceedings involving the same debtor. After listening to the arguments of counsel, the court took the matter under advisement and gave the parties an additional opportunity to brief the issues.[2]

---

1. *In re Bremer,* Case No. 16–02928 (the "Chapter 7 Case"). The court will refer to the Debtor's chapter 13 proceeding as the "Chapter 13 Case."

2. Neither party filed a post-hearing brief.

As noted in the Show Cause Order, some courts regard the pendency of simultaneous bankruptcy cases as *per se* prohibited, and others disagree, but carefully scrutinize the two filings for signs of bad faith. *See, e.g., In re Lord*, 295 B.R. 16 (Bankr. E.D.N.Y. 2003) (describing split of authority but barring the debtor from maintaining bankruptcy cases under two chapters simultaneously).

During the show cause hearing in this case, Debtor's counsel stated that she filed the Chapter 13 Case largely to help her client keep a motor vehicle, explaining that the Muskegon Co–Op Credit Union was unwilling to enter into a reaffirmation agreement on the car loan in the Chapter 7 Case. When the court entered the chapter 7 discharge on December 15, 2016, the deadline for making an enforceable reaffirmation agreement passed (assuming the car loan was dischargeable in the Chapter 7 Case). *See* 11 U.S.C. § 524(c) (debtor may reaffirm dischargeable debts).[3] So, the Debtor filed the chapter 13 petition the next day, and later filed a plan providing for the car lender's claim. The plan also provides for a tax claim, and claims of the Debtor's home mortgage and student loan lenders.

Despite the earnest arguments of the Debtor's counsel, the concerns that prompted the court to issue the Show Cause Order remain. Although the court does not perceive any bad faith, the concurrent pendency of two voluntary petitions for relief under the Bankruptcy Code nevertheless presents problems, both practical and theoretical, that the Debtor was unable to address to the court's satisfaction during the hearing.

For example, counsel recently learned that the Social Security Administration garnished or otherwise took from the Debtor's bank account an unspecified amount it regarded as an overpayment it previously made (before the filing of either petition) to support the Debtor's mother, evidently after the Debtor's mother had already passed away. It is not clear whether that garnishment violated the automatic stay in the Chapter 7 Case, the Chapter 13 Case, neither, or both. And, depending on the timing of the reported transfer (and title to the property obtained through the garnishment) the transaction might be unwound at the behest of either the Debtor or the chapter 7 trustee (through a motion for contempt of the automatic stay in the Chapter 7 Case or damages under § 362(k)); or by the chapter 7 trustee (in an adversary proceeding to avoid an unauthorized post-petition transfer under § 549); or by the Chapter 13 Trustee (through a proceeding to avoid and recover a preference in the Chapter 13 Case), or by the Debtor (in the Chapter 13 Case under § 522(h)). The opportunity for conflict and confusion is manifest, and in the court's view, avoidable.

 The court also notes from reviewing the docket in the Chapter 7 Case that AmeriFirst Financial Corporation has filed a motion for relief from the automatic stay. Presumably, the creditor could prevail on that motion in the Chapter 7 Case, yet find itself enjoined by the automatic stay in the Chapter 13 Case.[4] That hardly seems fair or consistent with orderly administration.

---

3. The court notes that it denied the Debtor a discharge in her first bankruptcy case in this District, SL 07–01765, which may impact the scope of the discharge in the second. *See* 11 U.S.C. § 523(a)(10).

4. The provisions of § 362(c)(3) and (c)(4), limiting the automatic stay in instances of serial filings, apply only when the prior cases have been "dismissed," not when they are "closed." The Chapter 7 Case has not been dismissed. These concepts are distinct under the statute. *Compare* 11 U.S.C. § 349 (Effect

■ More generally, the simultaneous pendency of two cases creates the possibility of two fiduciaries with authority over the same property—the chapter 7 trustee, whose authority over the property of the estate continues until the property is no longer in the estate, and the chapter 13 debtor, who has the authority to use property of the chapter 13 estate. Although the chapter 7 trustee has filed a "no asset report" signaling her intent to abandon all remaining estate property in the Chapter 7 Case, the abandonment of scheduled property arguably does not occur upon the filing of the "no asset report," but upon the closing of the case. *See* 11 U.S.C. § 554(c). Furthermore, augmentation in the value of property occurring after the "no asset report," perhaps through market forces or because the Debtor is paying down the liens encumbering the car or house, could conceivably prompt the chapter 7 trustee to withdraw the report and seek to administer the property which, by virtue of the filing of the chapter 13 petition, may also be entrusted to the Debtor's control as debtor in possession. *See* 11 U.S.C. §§ 323 (trustee is representative of the estate), 1303 (chapter 13 debtor has many of the trustee's powers under § 363), and 1306(b) (chapter 13 debtor remains in possession of property of the estate); *see also United States v. Robinson (In re Robinson)*, 764 F.3d 554, 558–59 (6th Cir. 2014) (filing of bankruptcy petition "divests" the debtor of interest in estate property, and vests the property in the trustee).

■ In an *in rem* proceeding such as bankruptcy,[5] overlapping bankruptcy estates could easily lead to conflicting decisions, competing claims for authority, unnecessary litigation, uncertainty, strife, delay, and waste. Simply put, the nature of bankruptcy court jurisdiction, and the substantive structure of the Bankruptcy Code, preclude the simultaneous pendency of two voluntary cases involving the same debtor.

■ Indeed, one of the frequently mentioned virtues of relief under the Bankruptcy Code is the creation of a single forum in which to resolve most issues involving a debtor and her creditors. As our District Court stated in a different context:

> The American bankruptcy laws are intended to ensure that the assets of a bankrupt are efficiently and fairly distributed among its creditors in a single proceeding instead of erratically being dissipated in a number of different lawsuits.

*Matter of Old Orchard Inv. Co.*, 31 B.R. 599, 603 (W.D. Mich. 1983) (citation omitted). This principle, though taking aim at multiple proceedings in non-bankruptcy courts, also guides today's decision.

■ Under the circumstances, the court is not powerless to act. Although it could consolidate the two cases under Fed. R. Bankr. P. 1015(a), doing so would not ameliorate the concerns expressed, leaving two trustees (and presumably two estates) in place. Instead, the court finds cause to dismiss the Chapter 13 Case, not just in the structure of the Bankruptcy Code, but also in the practical problems involving the Social Security Administration's post-petition garnishment, and the pendency of the motion for relief from stay in the Chapter 7 Case.

---

of dismissal) *with id.* § 350 (Closing and reopening cases).

**5.** *Cf. Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004) ("The discharge of a debt by a bankruptcy court is similarly an *in rem* proceeding.").

It is worth noting that dismissal of the Chapter 13 Case does not preclude relief under chapter 13, but at most postpones it. For example, after dismissal, it is conceivable that the Debtor will either seek to convert her Chapter 7 Case to chapter 13 (an approach that may find support in the statute, cases, and leading commentary),[6] or simply file a new chapter 13 petition after the current Chapter 7 Case runs its course and the court closes it. *Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief."). The choice and the timing may have implications for the Debtor and the estate, *see, e.g.*, 11 U.S.C. § 348, but in any event the stay should protect the Debtor's home and automobile as long as it remains property of a bankruptcy estate, or at least until the court modifies the stay. 11 U.S.C. § 362.

Regardless of the Debtor's next move, it is enough in this opinion to say that the provisions of the Bankruptcy Code and title 28 do not lend themselves to simultaneous bankruptcy proceedings involving the same debtor. In the absence of controlling authority from within our Circuit, the court finds persuasive the rationale of *In re Lord, supra*, and will, therefore, dismiss the Debtor's Chapter 13 Case.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Chapter 13 Case is DISMISSED;

2. All further stays of proceedings on account of the filing of the petition in this case are terminated;

3. The Chapter 13 Trustee shall file the final report and account; and

4. The Debtor shall pay all unpaid filing fees and court costs within 21 days from the entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon Ricki K. Bremer, Maureen B. Van Hoven, Esq., Brett N. Rodgers, Esq., chapter 13 trustee, and the United States Trustee.

**IT IS SO ORDERED.**

---

6. *See* 11 U.S.C. § 706(a); *In re Young,* 237 F.3d 1168 (10th Cir. 2001) (Bankruptcy Code does not prohibit ·conversion to chapter 13 after entry of chapter 7 discharge); *In re Carter,* 285 B.R. 61 (Bankr. N.D. Ga. 2002) (chapter 7 debtor who received discharge may convert to chapter 13); *see generally* 6 Collier on Bankruptcy, 15th Ed. Rev. ¶ 706.02 [03].