**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE DEBORAH LYNN PARTIDA,
*Debtor*,

DEBORAH LYNN PARTIDA,
*Appellant*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,
*Appellee*.

No. 15-60045

BAP No.
14-1482

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Filed July 7, 2017

Before: Mary M. Schroeder and Johnnie B. Rawlinson,
Circuit Judges, and William H. Stafford, Jr.,[*] District
Judge.

Opinion by Judge Schroeder

---

[*] The Honorable William H. Stafford, Jr., United States District Judge
for the Northern District of Florida, sitting by designation.

## SUMMARY[**]

### Bankruptcy

Affirming a decision of the Bankruptcy Appellate Panel, and agreeing with other circuits, the panel held that the Bankruptcy Code's automatic stay provision does not prevent the government from collecting criminal restitution under the Mandatory Victims Restitution Act.

### COUNSEL

Daniel L. Geyser (argued), Stris & Maher LLP, Los Angeles, California; Christopher P. Burke, Las Vegas, Nevada; for Appellant.

Roger Wenthe (argued), Assistant United States Attorney; Daniel G. Bogden, United States Attorney; United States Attorney's Office, Las Vegas, Nevada; for Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

SCHROEDER, Circuit Judge:

This bankruptcy appeal presents a question of first impression in this circuit concerning whether the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, operates to prevent the government's collection of criminal restitution under the Mandatory Victims Restitution Act ("MVRA"). The MVRA provides the government with broad powers to enforce a civil judgment "[n]otwithstanding any other federal law." 18 U.S.C. § 3613(a). We agree with the Bankruptcy Appellate Panel ("BAP") that the MVRA allows the government to collect restitution despite the automatic stay. The two other circuits to consider similar issues have reached the same result. *See In re Robinson*, 764 F.3d 554 (6th Cir. 2014); *United States v. Colasuonno*, 697 F.3d 164 (2d Cir. 2012).

We begin by comparing the two statutes. The Bankruptcy Code's automatic stay provision was passed in 1978. Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549, 2570 (1978). The stay is triggered upon a debtor filing for bankruptcy, and the stay suspends all activity relating to collection of pre-filing debts, with a number of exceptions. *See* 11 U.S.C. § 362(a), (b). The legislative history explains the stay's purpose is to "give[] the debtor a breathing spell from his creditors" by stopping "all collection efforts, all harassment, and all foreclosure actions." H.R. Rep. No. 95-595, at 340 (1977). The stay gives the debtor time to attempt a repayment or reorganization plan, "or simply to be relieved of the financial pressures that drove him into bankruptcy." *Id.* But the drafters were also mindful that the stay should not be "a haven for criminal offenders." S. Rep. No. 95-989, at

51 (1978); *accord* H.R. Rep. No. 95-595, at 342. As a result, the automatic stay does not apply to collection efforts undertaken in "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

The MVRA was passed in 1996, nearly two decades after the automatic stay. *See* Mandatory Victims Restitution Act, Pub. L. No. 104-132, 110 Stat. 1238 (1996). Its history explains it is for the purpose of "ensur[ing] that criminals pay full restitution to their victims for all damages caused as a result of the crime," regardless of the criminals' economic status. H.R. Rep. No. 104-16, at 4 (1995). The MVRA's enforcement provision, at issue in this case, provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

18 U.S.C. § 3613(a).

This case provides an excellent example of how the MVRA operates, "[n]otwithstanding any other federal law." *See id.*

The facts are not in dispute. In 2002, Deborah Lynn Partida pleaded guilty to one count of embezzlement and theft of labor union assets, for which she served eighteen months

in prison and agreed to pay $193,337.33 in criminal restitution. Partida failed to pay the restitution and, on March 5, 2013, she filed for Chapter 13 bankruptcy. At the time of filing, Partida reported owing $218,500.77 for the 2002 conviction.

Following the bankruptcy filing, the government sent Partida notices relating the restitution balance and the government's intent to offset Partida's income. Then, on March 1, 2014, the government provided notice that it had, in fact, offset payments made as income to Partida against the balance of the restitution debt and would continue to do so.

Partida's Chapter 13 plan was confirmed on March 6, 2014. Partida then filed a motion to hold the government in contempt for violating the automatic stay through its collection efforts. The bankruptcy court denied the motion.

The BAP affirmed in a published opinion, holding that the MVRA's enforcement provision overrides the automatic stay. *Partida v. United States* (*In re Partida*), 531 B.R. 811, 811 (B.A.P. 9th Cir. 2015). The BAP first recognized that the MVRA was "[i]n direct conflict" with the automatic stay provision because the MVRA allowed for collection where the automatic stay would otherwise prevent it. *Id.* at 812. The BAP resolved this conflict in favor of the MVRA, noting the MVRA's enactment after the automatic stay and its "broad sweeping language" providing for enforcement despite any other federal laws. *Id.* at 814. Partida then appealed to this court.

We review de novo the legal question whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated, *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210,

1213 (9th Cir. 2002), and agree with the BAP there has been no violation of the automatic stay because the MVRA trumps the automatic stay.

On appeal, Partida makes the novel argument that the MVRA overrides only "substantive" federal laws—meaning laws relating to property that is subject to collection—not "procedural" laws, like the stay, that relate to the timing of collection. According to Partida, the first sentence of the MVRA's enforcement provision binds the government to all existing state and federal procedural laws. That sentence reads: "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Partida reads the MVRA's next sentence—which states that the MVRA allows enforcement "[n]otwithstanding any other Federal law," *id.*—as applying only to laws determining what property is available for collection. Although Partida did not make this argument directly to the BAP or the bankruptcy court, the argument supports the same claim made in the lower courts that the automatic stay overrides the MVRA. The argument is therefore not waived. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). We nonetheless disagree with it on the merits.

This is because the plain language of the MVRA makes clear that the government can collect restitution, despite any federal laws to the contrary. That is the function and purpose of the "notwithstanding" clause. We have recognized a "general proposition that statutory 'notwithstanding' clauses broadly sweep aside potentially conflicting laws." *See United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007) (en banc) (citing *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18

(1993)). The broad language of the MVRA's "notwithstanding any other federal laws" clause eliminates any potential conflict with the automatic stay. That the MVRA was passed nearly two decades after the automatic stay further supports this interpretation. "[A] specific policy embodied in a later federal statute should control our construction of the priority statute even though it had not been expressly amended." 523 U.S. 517, 530–31 (1998).

Partida is incorrect in contending that the first sentence of the MVRA's enforcement provision limits the scope of the "notwithstanding" clause. By providing that the government "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law," the MVRA was broadening, rather than curtailing, the government's collection powers. *See* 18 U.S.C. § 3613(a). This effect is borne out by the MVRA's legislative history. Congress envisioned that the MVRA would "ensure that criminals pay full restitution to their victims for all damages caused as a result of the crime." H.R. Rep. No. 104-16, at 4. To make collection easier, the MVRA "consolidate[ed] the procedures for the collection of unpaid restitution with existing procedures for the collection of unpaid fines, while at the same time strengthening these procedures." S. Rep. No. 104-179, at 12 (1995).

The practical effect of the MVRA's language providing for enforcement "in accordance" with federal "practices and procedures" is to allow the government to collect under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in addition to individual state laws. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (recognizing that the MVRA "expressly, albeit tortuously, provides that the FDCPA's civil enforcement remedies may

be used to enforce orders of restitution entered under the MVRA"). This was a significant change, because prior to passage of the MVRA, there was uncertainty as to whether the government could only collect restitution using the law of that state from which the judgment issued. *See, e.g.*, *United States v. Timilty*, 148 F.3d 1, 5 (1st Cir. 1998) (explaining that, under the predecessor to the MVRA, the government was forced to pursue collection efforts "in the same manner" as civil judgments, and so could only collect under the practices of the state laws of the district court that issued the judgment). The MVRA's incorporation of the FDCPA into the government's enforcement arsenal accords with the congressional intent to consolidate and strengthen collection efforts.

Thus, Partida's reading of the enforcement provision as forcing the government to comply with any and all "procedural laws" contained in other federal statutes (like the Bankruptcy Code) that may limit the collection process, is plainly at odds with the MVRA's purpose to simplify and strengthen the government's collection efforts. The MVRA expanded, rather than curtailed, the collection procedures available to the government. The automatic stay therefore cannot interrupt the government's efforts to collect criminal restitution.

Our conclusion is consistent with decisions of other circuits. Both the Sixth and Second Circuits have considered the question whether the government can collect restitution despite the automatic stay, and both courts have concluded that it can. In *In re Robinson*, the Sixth Circuit held that the MVRA overrides the automatic stay. 764 F.3d at 557. Like the BAP in this case, the Sixth Circuit proceeded by looking to the plain meaning of the MVRA's "notwithstanding any

other federal law" clause and to the intent behind the MVRA, as well as by comparing the timing of the MVRA's passage in 1996 to the automatic stay's passage in 1978. *See id.* at 559–62. In addition, the court noted that Congress referenced another bankruptcy provision in the MVRA, *see* 18 U.S.C. § 3613(e), thereby indicating that Congress "had the potential effects of the Bankruptcy Code in mind when it drafted § 3613(a)," yet still chose not to include the automatic stay provision in the MVRA's list of enforcement exceptions. *Id.* at 561–62. The Sixth Circuit thus concluded that because of the MVRA, the automatic stay could not impede restitution collection.

In *United States* v. *Colasuonno*, the Second Circuit reached a similar result, but for a reason other than the MVRA. *See* 697 F.3d at 169. The Second Circuit's case involved a criminal defendant still serving a sentence of probation. *Id.* at 168–69. The court held that proceedings to enforce a probationary sentence, which required the debtor to pay restitution, fell within the automatic stay provision's exception for the "continuation of a criminal action or proceeding against the debtor," set down at 11 U.S.C. § 362(b)(1). *Id.* at 172. Giving the statutory terms their ordinary or natural meanings, the court concluded that Congress intended to create an exception for "any action or proceeding that relates to an adjudication of guilt or that punishes a defendant for crimes." *Id.* at 173.

*Colasuonno* involved a probationer, whose sentence had not yet been completed. We recognize that the exception to the automatic stay for ongoing criminal actions or proceedings could well apply to criminal restitution collection per se. We do not rest our holding today on the exception, however, because the MVRA is expressly directed toward

preserving the government's post-judgment ability to collect restitution. The BAP correctly determined in this case that the automatic stay must yield to the government's collection efforts under the MVRA.

**AFFIRMED**.