**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30141 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00160-JLR-3 |
| v. | |
| WILLIAM S. POFF, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before:  GOULD, PAEZ, and CHRISTEN, Circuit Judges.

William S. Poff (Poff) appeals from an order directing the Bureau of Prisons

to turn over funds in his inmate trust account to the Clerk of the United States

District Court for the Western District of Washington for payment of his court-

ordered restitution.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The Mandatory Victims Restitution Act (MVRA) requires a prisoner who "receives *substantial resources from any source, including inheritance, settlement, or other judgment*, . . . to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added). Poff argues that the funds in his inmate trust account do not qualify as "substantial resources from any source, including inheritance, settlement or other judgement." 18 U.S.C. § 3664(n). Instead, Poff urges that "substantial resources" refers only to windfalls; or, what he characterizes as "economic gains that are unexpected and therefore were not foreseen at the time of sentencing." He invokes *ejusdem generis* in support of this reading of the statute. But *ejusdem generis* is merely an "aid to the ascertainment of the true meaning of the statute," and is "neither final nor exclusive." *Helvering v. Stockholms Enskilda Bank*, 293 U.S. 84, 89 (1934). "If, upon a consideration of the context and the objects sought to be attained and of the act as a whole, it adequately appears that the general words were not used in the restricted sense suggested by the rule, we must give effect to the conclusion afforded by the wider view in order that the will of the Legislature shall not fail." *Id.* Congress sought, through the MVRA, to restore to victims of crime "the restitution that they are due." S. Rep. No. 104-179, at 12 (1995); *see In re Partida*, 862 F.3d 909, 911 (9th Cir. 2017). Because "[t]he primary and overarching goal of

the MVRA is to make victims of crime whole," *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004), the plain language of the MVRA does not support the conclusion that the funds in Poff's inmate trust account are beyond the reach of § 3664(n).

Poff next suggests that the sums deposited into his inmate trust account were not "substantial." "[W]e follow the common practice of consulting dictionary definitions to clarify the[] ordinary meaning [of statutory language] . . . ." *United States v. TRW Rifle 7.62X51mm Caliber*, 447 F.3d 686, 689 (9th Cir. 2006) (internal quotation marks omitted). To describe financial resources as "substantial" is to suggest that they are "[c]onsiderable in amount or value." *Substantial*, Black's Law Dictionary 1656 (10th ed. 2014).

"But interpreting a statute is a holistic endeavor," and we must "look not only to the language itself, [but also to] the specific context in which that language is used, and the broader context of the statute as a whole." *Johnson v. Aljian*, 490 F.3d 778, 780 (9th Cir. 2007) (internal quotation marks omitted). The statutory scheme reposes in sentencing judges the discretion to devise a payment schedule that accounts for the defendant's "financial resources and other assets," "projected earnings and other income," and "financial obligations." 18 U.S.C. § 3664(f)(2). This suggests that "resources" are "[c]onsiderable in amount or value" if they

3

positively exceed the sums needed by a criminal defendant to satisfy financial obligations established at the time of sentencing. Because the sentencing court did not find that Poff had competing obligations, the district court did not err in finding the funds in Poff's inmate trust account to be "substantial" and therefore subject to seizure.

2. Poff also asserts that his veteran disability benefits were exempt from levy for taxes under the Internal Revenue Code and, hence, exempt from enforcement under the MVRA. *See* 18 U.S.C. § 3613(a)(1); IRC § 6334(a)(10). As relevant here, the tax code's exemption applies to "[a]ny amount payable to an individual as a service-connected . . . disability benefit . . . ." IRC § 6334(a)(10). Because the tax code distinguishes between amounts that are "payable to," amounts that are "received by," and amounts that are "payable to or received by" an individual, *see* IRC § 6334, the expression of one of these alternatives necessarily excludes another. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013). By exempting from levy service-connected disability benefits "payable to" an individual, Congress declined to extend the exemption to those same benefits once they have been paid. As the district court correctly observed, the veteran disability benefits in Poff's inmate trust account were paid to him, not "payable to" him.

Thus, the district court did not err in concluding that these funds were not exempt from enforcement under the MVRA.

3. Poff also contends that the government's seizure of his veteran disability benefits violated the Consumer Credit Protection Act (CCPA)'s prohibitions on garnishment. *See* 18 U.S.C. § 3613, 15 U.S.C. § 1673. Poff concedes that "[t]he CCPA was not expressly cited to the district court." While "[a] document filed pro se is to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), Poff's oppositions to the government's turnover motion did not articulate a "general argument" about statutory limits on garnishment and failed to place the government on notice of his claim. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014). Poff has therefore waived any rights he might have had under the CCPA. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

In any case, the strictures of the CCPA apply only to "earnings." 15 U.S.C. § 1673. Under *Usery v. First National Bank of Arizona*, 586 F. 2d 107, 108 (9th Cir. 1978), compensation paid by an employer does not retain its character as "earnings" after it has been deposited into an employee's bank account. Even assuming that Poff's veteran disability benefits were wages, the funds already

5

deposited into in Poff's inmate trust account were not "earnings" and were therefore not shielded by the CCPA.

4. Poff attacks the encumbrance of funds in his inmate trust account as violative of due process because they were initially encumbered without prior notice and an opportunity to be heard. It is undisputed that a prisoner has a property interest in his inmate trust account. *See Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015). "[T]he question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "[U]nder federal law, what process is due is determined by context, to be analyzed in accordance with the three-part balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 933 (9th Cir. 2017).

"First, courts must look at the nature of the interest that will be affected by the official action, and in particular, to the degree of potential deprivation that may be created." *Nozzi v. Hous. Auth. of L.A.*, 806 F.3d 1178, 1192–93 (9th Cir. 2015) (internal quotation marks omitted). Because the funds in Poff's inmate trust account could not be accessed freely and were not relied on for subsistence, his interest in them was diminished. *See Mathews*, 424 U.S. at 340–41. "Second, courts must consider the fairness and reliability of the existing procedures and the probable value, if any, of additional procedural safeguards." *Nozzi*, 806 F.3d at

6

1193 (internal quotation marks omitted). As the amount of restitution to be paid had been determined through prior judicial proceedings, the value of additional procedural safeguards was negligible. "Finally, courts must assess the public interest, which includes the administrative burden and other societal costs that would be associated with additional or substitute procedures." *Id.* (internal quotation marks omitted). Here, the government had a strong interest in preserving funds available for restitution. Poff questions the necessity of the seizure, averring that the funds in the inmate trust account were held by the Bureau of Prisons. But the government could not legitimately block an otherwise proper use of funds in the account, unless it had the authority to encumber them. Doing so prevented depletion of the account.

Balancing the three *Mathews* factors, we conclude that a pre-deprivation hearing is not constitutionally mandated in a case like this, where the funds to be encumbered were not needed for subsistence, where the entirety of those funds was subject to a judgment lien pursuant to the MVRA, where the amount of the judgment lien had been previously determined through judicial process, and where the funds were only frozen—not distributed—pending resolution of a motion before a district court. For all of these reasons, the district court did not err in

7

holding the government's encumbrance of Poff's inmate trust account to be constitutional.

**AFFIRMED.**