Slip Op 17-126

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>GREENLIGHT ORGANIC, INC.,<br><br>    Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 17-00031 |

## OPINION

[Plaintiff's action to recover unpaid duties and a civil penalty is exempt from the automatic stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(b)(4).]

Dated: September 15, 2017

William Kanellis, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff.  With him on brief were Chad A Readler, Acting Assistant Attorney General, Jeanne E Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, for Defendant.  With him on brief were Josh Levy, Marlow, Adler, Abrams, Newman and Lewis, P.A., of Coral Gables, FL, and Gregory E. Garman and Mark M. Weisenmiller, Garman Turner Gordon LLP, of Las Vegas, NV.

Choe-Groves, Judge: Before the court is the issue of whether the automatic bankruptcy stay of 11 U.S.C. § 362(a) (2012)[1] applies to an action brought pursuant to 19 U.S.C. § 1592 for fraudulent misrepresentations made in the course of importing merchandise into the commerce of the United States.  For the reasons set forth below, the court finds that the stay in 11 U.S.C. § 362(a) does not apply and this action may proceed accordingly.

---

[1] All further citations to Titles 11, 19, and 28 of the U.S. Code are to the 2012 edition.

## BACKGROUND

This action concerns the alleged fraudulent importation of athletic wearing apparel from Vietnam, entered into the United States by Greenlight Organic, Inc. ("Greenlight" or "Defendant") from January 1, 2007 through December 31, 2011.  See Summons, Feb 8, 2017, ECF No. 1; Compl. ¶ 3, Feb 8, 2017, ECF No. 2.  The United States ("Plaintiff" or "Government") commenced this action on February 8, 2017 seeking to recover unpaid duties, fees, and a penalty for fraudulent violation of 19 U.S.C. § 1592(a).  See Compl. ¶ 1.  Defendant filed its answer on April 21, 2017, and the court entered a scheduling order on May 16, 2017 setting forth the deadlines for discovery.  See Scheduling Order, May 16, 2017, ECF No. 12. The court subsequently amended the scheduling order and set the deadline for initial disclosures for July 27, 2017.  See Scheduling Order, July 14, 2017, ECF No. 14 (granting Defendant's motion to amend the scheduling order).  The court held a teleconference with the Parties on July 26, 2017.  See Teleconference, July 26, 2017, ECF No. 16.  During the teleconference, the court was informed that Defendant had filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada on July 25, 2017, and Defendant believed that the proceedings in this action were automatically stayed pursuant to 11 U.S.C. § 362(a).  See Teleconference.  Plaintiff argued, however, that the automatic stay was inapplicable because 11 U.S.C. § 362(b)(4) excluded actions against a debtor by the government when the matters involved the government's police power.  See Teleconference.  The court requested that the Parties submit briefs addressing whether 11 U.S.C. § 362(a) stayed this action.  Briefing was completed on August 8, 2017.  See The United States Mem. Relating to 11 U.S.C. § 362, July 28, 2017, ECF No. 17 ("Pl. Memo."); Debtor's Mem. 11 U.S.C. § 362, Aug. 4, 2017, ECF No. 18 ("Def.

Memo"); The United States' Reply in Supp. Mem. Relating to 11 U.S.C. § 362, Aug. 8, 2017,

ECF No. 19 ("Pl. Reply").

## JURISDICTION

The court has jurisdiction over the underlying action pursuant to 28 U.S.C. § 1582. A

non-bankruptcy court has jurisdiction to decide whether the automatic stay provision of 11

U.S.C. § 362 stays proceedings that have been properly commenced in that court. See Chao v.

Hosp. Staffing Servs., Inc., 270 F.3d 374, 384 (6th Cir. 2001) (finding that "when a party seeks

to commence or continue proceedings in one court against a debtor or property that is protected

by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy

court properly responds to the filing by determining whether the automatic stay applies to (*i.e.,*

stays) the proceedings.").[2] This court has jurisdiction, therefore, to determine whether the

automatic stay applies to this action.

---

[2] The court notes that several circuit courts, as well as this Court, have similarly held that a non-bankruptcy court possesses jurisdiction to determine the applicability of the automatic stay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir. 2005) (holding "that a district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction."); Brock v. Morysville Body Works, Inc., 829 F.2d 383, 387 (3d Cir. 1987) (finding that the non-bankruptcy court may "determine the applicability of the automatic stay."); Hunt v. Bankers Tr. Co., 799 F.2d 1060, 1069 (5th Cir. 1986) ("While section 362 of the Bankruptcy Code stays the continuation of a judicial proceeding that was commenced before a commencement of the bankruptcy case, the Texas district court had jurisdiction to determine its applicability to the case pending in the Texas district court, and particularly to enforcement of the order that forbade filing the Chapter 11 proceeding in Louisiana."); In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); United States v. Rupari Food Servs., Inc., 41 CIT __, __, Slip Op 17-104 *5 n.6 (Aug. 10, 2017) ("Where a party has filed for bankruptcy pursuant to Chapter 11, the non-bankruptcy court in which other litigation is pending possesses concurrent jurisdiction to determine the applicability of a stay.").

**DISCUSSION**

Plaintiff argues that when the action instituted by the government involves claims of fraud against a debtor, such as an action pursuant to 19 U.S.C. § 1592, the automatic stay is inapplicable by operation of the exemption in 11 U.S.C. § 362(b)(4). See Pl. Memo. 6–14. Defendant asserts that 19 U.S.C. § 1592 is not the type of action that is exempted from the stay and this action should be stayed pending resolution of the proceedings in the bankruptcy court. See Def. Memo. 4–10.

Generally, when a debtor files a bankruptcy petition, 11 U.S.C § 362(a) operates to stay any pending, or subsequently filed, judicial proceedings against the debtor. See 11 U.S.C. § 362(a).[3] "The purpose of the automatic stay is to 'give[] the debtor a breathing spell from his creditors . . . [and] permit[] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'" In re Robinson, 764 F.3d 554, 559 (6th Cir. 2014) (quoting H.R. REP. No. 95-595, at 340 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6296–97). The automatic stay, however, "does not apply in all cases; there are statutory exemptions, and there are non-statutory exemptions." Dominic's Rest. Of Dayton, Inc. v. Mantia, 683 F.3d 757, 760 (6th Cir. 2012). One statutory exemption relates to

---

[3] Section 362(a) of Title 11 of the U.S. Code provides as follows:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

actions by a governmental unit seeking "to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power[.]" 11 U.S.C. § 362(b)(4).

To determine if the judicial proceeding is within the exemption of 11 U.S.C. § 362(b)(4), courts have applied two tests: the pecuniary purpose test and the public policy test. See In re Nortel Networks, Inc., 669 F.3d 128, 139 (3d. Cir. 2011); Chao, 270 F.3d at 384; Lockyer v. Mirant Corp., 398 F.3d 1098, 1108 (9th Cir. 2005). The tests can be summarized as follows:

> The pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health. The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights. If the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies. If, on the other hand, the purpose of the law is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable.

In re Nortel Networks, Inc., 669 F.3d at 139–40. Therefore, the court "must determine the primary purpose of the law that [the government] is attempting to enforce." Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 865 (4th Cir. 2001) (citing Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop.), 132 F.3d 591, 597 (10th Cir. 1997); Javens v. City of Hazel Park (In re Javens), 107 F.3d 359, 367–68 (6th Cir. 1997); E.E.O.C. v. Rath Packing Co., 787 F.2d 318, 324 (8th Cir. 1986)).

The Government's action is brought pursuant to 19 U.S.C. § 1592(a), which makes it unlawful for any person, by fraud, gross negligence, or negligence, to "enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of . . . any document or electronically transmitted data or information, written or oral statement,

or act which is material and false."  19 U.S.C. § 1592(a)(1)(A).[4]  In an action brought pursuant to

19 U.S.C. § 1592, the Government can seek two types of money damages: 1) civil penalties

pursuant to 19 U.S.C. § 1592(c);[5] and 2) a restoration of any lawful duties pursuant to 19 U.S.C.

§ 1592(d). [6]  United States v. Ford Motor Co., 497 F.3d 1331, 1338 (Fed. Cir. 2007).  Plaintiff

alleges that Greenlight made certain fraudulent misrepresentations on importation documents.[7]

See Compl.  Defendant asserts that because the Government seeks monetary damages, the

purpose of the action is to gain an interest in the Defendant's property and to adjudicate private

rights.  See Def. Memo 7–10.  The legislative history notes, however, that the purpose of 19

U.S.C § 1592 is "to encourage accurate completion of the entry documents upon which Customs

must rely to assess duties and administer other customs laws."  S. Rep. No. 95-778, at 17, as

reprinted in 1978 U.S.C.C.A.N. 2211, 2229.  Congress' decision "to tie the maximum penalty to

the culpability of the violator further suggests that '[19 U.S.C. § 1592] is driven primarily by

---

[4] The general prohibition of 19 U.S.C. § 1592(a) operates "[w]ithout regard to whether the United States is or may be deprived for all or a portion of any lawful duty, tax, or fee thereby." 19 U.S.C. § 1592(a)(1).

[5] Under 19 U.S.C. § 1592(c)(1), "a fraudulent violation of [19 U.S.C. § 1592(a)] is punishable by a civil penalty in an amount not to exceed the domestic value of the merchandise."  19 U.S.C § 1592(c)(1).

[6] Under 19 U.S.C. § 1592(d), "if the United States has been deprived of lawful duties, taxes, or fees as a result of violation of [19 U.S.C. § 1596(a), Customs] shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed." 19 U.S.C. § 1592(d).

[7] The Government alleges that Greenlight instructed its Vietnamese manufacturer to state falsely that the imported apparel was made with recycled polyester rather than first-run polyester, which resulted in lower amounts of duties than would have been paid had the apparel been classified correctly.  See Compl. ¶¶ 4–7.  The Government asserts further that Greenlight submitted invoices for its apparel that fraudulently understated the transaction costs.  See id. ¶¶ 9–14.  The Government's action seeks to recover unpaid duties and penalize Defendant for fraudulent violations of 19 U.S.C § 1592(a).  See id. ¶¶ 21–26.  The Government asserts that Greenlight owes $238,516.56 in unpaid duties and fees related to its importations and $3,232,032 as a penalty for fraudulent misrepresentations.  See id. ¶¶ 20–26.

considerations of deterrence rather than compensation.'" United States v. Nat'l Semiconductor Corp., 547 F.3d 1364, 1370 (Fed. Cir. 2008) (quoting United States v. Complex Mach. Works Co., 23 CIT 942, 950, 83 F. Supp. 2d 1307, 1315 (1999)).[8]  Despite Defendant's arguments, simply because the action involves a pecuniary component, it "does not abrogate [the government's] police power function." In re Universal Life Church, Inc., 128 F.3d 1294, 1299 (9th Cir. 1997).  Therefore, an action brought pursuant to 19 U.S.C § 1592 is "effectuating public policy rather than adjudicating private rights," Nortel Networks, 669 F.3d at 140, and is an exercise of the Government's police and regulatory power.

Defendant asserts that the action should be stayed because the Government seeks to "recover" unpaid duties and a penalty for fraud, rather than merely to fix the damages for the alleged violation. See Def. Memo 9.  Defendant argues that the damages the Government seeks were fixed when Customs issued a duty demand and a penalty notice. See id. at 10.  Defendant reasons that Plaintiff is seeking to enforce these damages through this action to gain a pecuniary interest in the Defendant's property. See id. at 9–10.  Plaintiff represents, however, that the "purpose of this lawsuit is to assess liability and fix damages" for Greenlight's allegedly fraudulent conduct. Pl. Reply 9.  See also Pl. Memo 14.  The automatic stay does not apply "where a governmental unit is suing a debtor to prevent or stop violation for fraud, . . . or similar police or regulatory laws, or attempting to fix damages for violation of such a law[.]" S. Rep. No. 95-989 at 52 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5838.  See also H.R. Rep. No. 95-595 at 343 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6299.  Despite Defendant's

---

[8] "[T]he plain language of the statute supports [the] position that the damages authorized by [19 U.S.C. § 1592(c)] are punitive." Nat'l Semiconductor Corp., 547 F.3d at 1369–70.  "The history of [19 U.S.C. § 1592(d)] is consistent with the view that Congress intended to continue to impose liability for unpaid duty on any party guilty of fraud or aiding and abetting fraud." United States v. Inn Foods, Inc., 560 F.3d 1338, 1348 (Fed. Cir. 2009).

arguments to the contrary, the amount of unpaid duties and penalty for fraud in this case are not yet fixed because the court must review "all issues, including the amount of the penalty," *de novo*. See 19 U.S.C. § 1592(e). Only if the Government successfully establishes a violation of 19 U.S.C § 1592(a) may a judgment for unpaid duties and a penalty be entered. See 19 U.S.C. § 1592(c)–(e). "It is well established that the governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power." S.E.C. v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000) (emphasis in original).[9] Here, an "entry of judgment would simply fix the amount of the government's unsecured claim against [Greenlight]." In re Commonwealth Companies, Inc., 913 F.2d 518, 524 (8th Cir. 1990). A money judgment "would not convert [the Government] into a secured creditor, force the payment of a prepetition debt, or otherwise give the government a pecuniary advantage over other creditors of [Greenlight's] estate." Id.

---

[9] As the Court of Appeals for the Second Circuit explained:

> When the government seeks to impose financial liability on a party, it is plainly acting in its police or regulatory capacity – it is attempting to curb certain behavior (such as defrauding investors, or polluting groundwater) by making the behavior that much more expensive. It is this added expense that deters a party from defrauding or polluting – not the identity of the entity which it must eventually pay. Accordingly, up to the moment when liability is definitively fixed by entry of judgment, the government is acting in its police or regulatory capacity – in the public interest, it is burdening certain conduct so as to deter it. However, once liability is fixed and a money judgment has been entered, the government necessarily acts only to vindicate its own interest in collecting its judgment. Except in an indirect and attenuated manner, it is no longer attempting to deter wrongful conduct. It is therefore no longer acting in its "police or regulatory" capacity, and the exception to the exception does not apply.

Brennan, 230 F.3d at 72–73.

The Government seeks in this case to enforce United States customs laws related to the fraudulent importation of merchandise, which is the type of enforcement action that is contemplated under 11 U.S.C. § 362(b)(4).  Therefore, to the extent that the Government seeks entry of a money judgment, this action against Greenlight is within the exception of 11 U.S.C. § 362(b)(4) and exempt from the automatic stay provision of 11 U.S.C. § 362(a).  The action shall proceed accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   September 15, 2017
            New York, New York